IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ANTHONY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:05-MC-31 |
| | ) | Jordan/Shirley |
| v. | ) | |
| | ) | |
| JERRY WHEELER, et al., | ) | Underlying Action No. 3:05-0341 |
| | ) | (M.D. Tenn.) |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect information of a kind whose confidentiality is properly protected under the Federal Rules of Civil Procedure and other applicable law, and with the consent of the persons and entities party hereto evidenced by the signatures of counsel appearing below (each a "Consenting Person" and collectively the "Consenting Persons"), it is hereby ORDERED:

1. **APPLICABILITY OF THIS ORDER.**

   a.  This Order shall apply to all information, documents and things that a Consenting Person owns or controls subject to discovery or submitted to any Court in this action. This Order will not apply to any information, documents and things that the Consenting Persons have obtained or will obtain from third parties or the opposing party prior to the entry of this Order. Information, documents or things shall be used solely for this litigation and not for any other purpose or for any other legal proceeding and not for any commercial or business purpose. Specifically, and without limitation, such things shall not be used for any other litigation than the above-entitled action and shall not be used in pursuit of legal rights, if any, of persons or entities

1

not among the Consenting Parties.

    **b.** The "CONFIDENTIAL" and "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" provisions in this Order shall apply to properly designated information, documents and things subject to discovery or submitted to a Court in this action that a Consenting Party owns or controls, which information, documents, or things contain a Consenting Party's intellectual property, trade secrets, or its confidential or proprietary strategic business, marketing, research, development, commercial or financial information, or information invasive of the legitimate privacy interests of the Consenting Parties or of other persons. The foregoing includes without limitation testimony at depositions upon oral examination or upon written questions; responses to interrogatories, requests for admission, requests for production, or any other means of written discovery; documents or things produced; and information obtained from inspection of premises or things. This Order also applies to all information, documents, and things derived from such information, documents and things, including but not limited to copies, summaries or abstracts. It is acknowledged, however, that information, documents and things designed as "CONFIDENTIAL" and "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" will not be subject to this Order if the information, documents or things were lawfully obtained before the signing of this Order by the Consenting Parties.

**2. DESIGNATION OF MATERIAL.**

Any Consenting Party who produces or provides protected material or information in this litigation may designate that material as either "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" by labeling or marking that material or information in the manner described below in Paragraphs 6 and 8. Such a designation of information, documents or

things shall constitute a representation to the Court that such party and its counsel, in good faith, believes that the designation is appropriate under the standards set forth above and that the information designated constitutes confidential information. In addition, a designation of "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" shall be used only with materials that (a) contain sensitive or confidential intellectual property, trade secrets, or its confidential or proprietary strategic business, marketing, research, development, commercial or financial information, or (b) could cause substantial competitive harm to the producing person or entity if shown to persons other than those described below in Paragraph 5.

3. **NON-DISCLOSURE AND NON-USE OF DESIGNATED MATERIAL.**

Except as provided in this Order, no information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" may be disclosed to any person without the prior written consent of the Consenting Party originally designating the information, documents or things.

4. **PERMISSIBLE DISCLOSURE OF <u>CONFIDENTIAL</u> MATERIAL.**

"CONFIDENTIAL" material may be disclosed only to the following, unless a Court rules that there may be further disclosure:

    a. counsel of record for the Consenting Parties, attorneys regularly employed in the legal departments of the Consenting Parties, and employees in those law firms or the Consenting Parties' legal departments whose functions require access to "CONFIDENTIAL" material; <u>provided</u>, however, that under no circumstances shall such documents be used in any litigation other than this litigation; and under no circumstances shall persons employed in legal departments of persons or entities who are <u>not</u> Consenting Parties be given access to the

3

3703308v3
Case 3:05-mc-00031    Document 24    Filed 10/03/05    Page 3 of 15    PageID #: 12

documents;

  **b.**  the Consenting Parties;

  **c.**  any Court, administrative law judge, agency official, arbitrator, mediator, or other presiding official involved in any proceeding (including court reporters, translators, and personnel operating recording equipment or other technology at depositions or other proceedings) between the Consenting Parties and anyone such Court, administrative law judge, agency official, arbitrator, mediator, or presiding official in his or her discretion may designate, upon such terms as deemed proper;

  **d.**  the authors, senders, addressees, and copy recipients of the "CONFIDENTIAL" material and employees of any person or entity that produced or generated the "CONFIDENTIAL" material; and

  **e.**  nonparty experts or independent consultants engaged by counsel or the Consenting Parties to assist in this litigation, provided that each nonparty expert or independent consultant needs the "CONFIDENTIAL" material and has signed an undertaking in the form of Exhibit A attached to this Order before receiving discovery materials protected by this Order.

**5. PERMISSIBLE DISCLOSURE OF <u>CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY</u> MATERIAL.**

"CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" material may be disclosed only to those persons identified in Paragraphs 4(c), 4(d), and 4(e) above and to outside counsel of record in this action and their employees whose functions require such access.

**6. METHOD OF DESIGNATING INFORMATION.**

  **a.**  For purposes of this Order, the term "document" means all written, recorded, or

4

graphic material, whether produced or created by a Consenting Party or another person, and regardless of the rule, agreement or order under which it was produced. Documents, as well as interrogatory answers, responses to requests for admissions or production, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs or memoranda that quote, summarize, or contain materials entitled to protection may be designated "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY." To the extent feasible, these materials shall be prepared in such a manner that the confidential information is bound separately from information not entitled to such protection.

**b.** <u>Documents</u>: The designating party may designate documents as subject to this Order by producing copies of the document marked with a legend reading "CONFIDENTIAL," "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY," or other appropriate notice to similar effect. Such legend shall be placed upon the first page of each document containing such material and upon each page within such document considered to contain such material.

**c.** <u>Magnetic/Electronic Media Documents</u>: Where a document is produced in a magnetic or electronic medium (such as CD-ROM, DVD, floppy diskette or tape), the disk, cartridge, reel, or medium container shall be marked with the appropriate notice.

**d.** <u>Physical Exhibits</u>: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit marked with the appropriate notice.

**7. CONFIDENTIAL INFORMATION IN DEPOSITIONS.**

**a.** A deponent may be shown during a deposition, and examined about, documents and information designated for protection under this Order if the deponent is a Consenting Party

5

3703308v3
Case 3:05-mc-00031 Document 24 Filed 10/03/05 Page 5 of 15 PageID #: 14

representative, already knows the protected information contained therein, or is an outside expert and has, if necessary, complied with paragraph 4(d), above.

    **b.**    Deponents shall not retain or copy portions of the transcript of their depositions that contain protected information not provided by them or the entities they represent.

    **c.**    Consenting Parties and deponents may, at any time during or within five (5) business days after receipt of a deposition transcript, designate portions of the testimony for protection under this Order. Pending expiration of this designation period, the <u>entire</u> deposition transcript (with the exception of the exhibits to the transcript) will be treated as "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY." Exhibits to the deposition transcript will be treated in accordance with whatever designation was given those materials, if any, at the time of their production or, if not previously produced, at the time of the deposition. Information within the deposition transcript shall be designated by marking the pages containing such information either "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" and forwarding copies of these pages to the Court Reporter, to counsel for the parties, and to any other person known to have a copy of the transcript.

    **d.**    If no Consenting Party or deponent timely designates information in a deposition, then none of the transcript (with the exception of the exhibits) will be treated as protected as "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" under this Order, with the exception of any exhibits to the deposition that were previously designated pursuant to this Order and for which such designation has not been lifted by order of a Court.

**8.    CLIENT CONSULTATION.**

Nothing in this Order shall restrict any counsel from advising its clients with respect to

this action; and from relying in a general way upon an examination of material designated pursuant to this Order in giving such advice; provided, however, that in giving such advice and communicating with the client, counsel shall not disclose the specific contents of any "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" material.

9. **FILING.**

Submission of designated material to a Court shall be as follows:

**a.** A Consenting Party who wishes to file any paper, pleading or exhibit containing designated material shall state on the first page of the pleading containing such material that the pleading contains such material and is submitted under seal.

**b.** A Consenting Party who files any paper, pleading or exhibit containing designated material shall submit it to the Court in a sealed envelope which shall bear the caption of this case and a legend as follows:

> CONFIDENTIAL -- FILED SUBJECT TO ORDER OF THE COURT. THE PAPERS CONTAINED IN THIS ENVELOPE HAVE BEEN DESIGNATED AS CONFIDENTIAL MATERIAL, ARE SUBJECT TO A ORDER, AND MAY NOT BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT BY THE COURT OR PURSUANT TO AN ORDER OF THE COURT.

10. **USE OF CONFIDENTIAL MATERIAL AT HEARINGS OR AT TRIAL.**

Subject to the Federal Rules of Evidence, documents and other information designated under this Order may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives notice, reasonably sufficient to allow any confidentiality to be preserved, to counsel for the Consenting Party that designated the information. Any party may move the Court for an order that the evidence be received in camera or under such other conditions as are necessary to prevent inappropriate disclosure. The Court will then determine

whether the proffered evidence should continue to be protected under this Order and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

**11. NO ADMISSIONS.**

**a.** The acceptance of information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" materials by any Consenting Party shall not constitute or be construed as an admission or concession that any such designation is appropriate.

**b.** If a party believes that another party or protected third party has designated material as "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" that is not entitled to such protection, the party seeking disclosure shall make a good faith attempt to resolve the disagreement over the classification of the material with the protected third party or party. If the parties and/or the protected third party cannot resolve the matter, the party seeking disclosure has the burden to file a motion, notify all parties and affected protected third parties of the filing of the motion, identify each document that is the subject of the motion (e.g., by Bates-number or title, author, recipient and date), and submit the matter to the Court for resolution. In the event that a motion is filed challenging a confidentiality designation, the person designating the material shall respond within **ten business days**. Failure to respond shall constitute a waiver of opposition to the motion. The party that has designated the records as "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" shall bear the burden of showing that the materials in question constitute protected information. Any information, documents or things subject to the motion shall be protected as designated until the motion is decided.

8

## 12. EXCEPTIONS.

This Order shall not prevent or prejudice any Consenting Party from applying to the Court for relief from this Order or for further or additional orders, or from agreeing with the other party to a modification of this Order, subject to the Court's approval.

## 13. NON-TERMINATION.

The provisions of this Order shall not terminate at the conclusion of this action. Upon agreement of all counsel of record or within sixty (60) business days after this action finally terminates, either because a settlement agreement has been executed and the case dismissed, the time to appeal has expired, or the appellate mandate issues after an appeal, whichever event shall occur first, receiving counsel either shall return all "CONFIDENTIAL" and "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" materials, including all copies, abstracts, summaries, or documents containing information taken from them (but excluding any materials which in the judgment of receiving counsel are work product materials in its possession, custody or control), to counsel for the Consenting Party that produced or provided them, or shall certify that the materials were destroyed; <u>provided</u>, however, that one counsel of record for each party may retain one copy of all "CONFIDENTIAL" and "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" materials, including all court papers, hearing or trial exhibits, and deposition exhibits, solely for reference in the event a dispute arises over the use of information subject to this Order or over compliance with the final judgment.

## 14. EFFECT OF EXECUTION; PRIVILEGES.

The execution of this Order shall not be construed as an agreement by any person to supply any document, as a waiver by any person of the right to object to the production of any document, or as a waiver of any claim of privilege with regard to the production of any document. The Consenting Parties in no way waive or intend to waive, but to the contrary preserve and intend to preserve, (a) all questions as to the competence, relevance, materiality or admissibility into evidence of any of the information that may be produced for any purpose and in any aspect of this or any other court action; and (b) the right to object on any ground to the use of any such information in any aspect of this or any other court action.

## 15. SUBPOENA BY OTHERS.

If another Court, tribunal, or governmental agency subpoenas or orders production of information designated "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY," which a Consenting Party has obtained under the terms of this Order, or if a Consenting Party receives notice of a motion or other request filed in another Court or proceeding seeking disclosure of such information, then the party receiving the subpoena, order, or notice shall promptly notify the Consenting Party or other person who designated the document as confidential of the pendency of such motion, request, subpoena or order, and shall notify the Court, agency or person subpoenaing the information of this Order. The receiving party shall not voluntarily agree to entry of an order requiring production of such information, and shall not impair the right or opportunity of the Consenting Party or other person who designated such information as confidential to resist discovery or production of the information.

16. **INADVERTENT PRODUCTION.**

The inadvertent or unintentional production of confidential information without being designated or marked as provided herein at the time of production or disclosure shall not be deemed a waiver in whole or in part of a claim of confidentiality or secrecy, either as to the specific document produced or as to any other document relating thereto or on the same related subject matter. If a Consenting Party inadvertently produces confidential information that has not been designated or marked as provided herein, the producing party may, within twenty (20) days of discovering such inadvertent production, designate the information as "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY" by giving a subsequent notice in writing specifically identifying the information and furnishing the correct designation and substitute copies of any documents or things appropriately marked. The parties shall then treat such information as provided in this Order, and shall undertake best efforts to retrieve any disclosure, dissemination, or use of such information prior to re-designation, and to return or destroy the previously unmarked items and all copies thereof.

18. **NONDISCLOSURE OF EXISTENCE OF DOCUMENTS.**

The Consenting Parties, their counsel and experts, and any other person retained by the parties to assist in the preparation of this action, or any other person receiving confidential information, shall not sell, offer for sale, advertise, or publicize in any way either the contents of confidential information, or the fact that the party or other person has obtained confidential information.

19. **RESPONSIBILITY OF ATTORNEYS.**

The attorneys of record are responsible for employing reasonable measures to control,

consistent with this Order, duplication of, access to, and distribution of copies of documents and information designated for protection under this Order.

ENTER this ___ day of October, 2005.

                                                    s/ C. Clifford Shirley, Jr.
                                                    United States Magistrate Judge
                                          U.S. Magistrate Judge C. Clifford Shirley, Jr.

PREPARED FOR ENTRY BY:

*[signature]*

Steven E. Kramer (BPR No. 009803)
Charles E. Young (BPR No. 022432)
**KRAMER, RAYSON, LEAKE, RODGERS & MORGAN LLP**
P.O. Box 629
Knoxville, TN 37901-0629
Tel.: (865) 525-5134
Fax: (865) 522-5723
*Attorneys for Gemtron Corporation, Mark Delp and Abe Albrecht*


CONSENTED TO BY:

*Chris L. Vlahos, by CEY w/ express permission*

Jay S. Bowen
Chris L. Vlahos
**BOWEN RILEY WARNOCK & JACOBSON, PLC**
1906 West End Avenue
Nashville, TN 37203
Tel. (615) 320-3700
Fax: (615) 320-3737


*[signature]*

John A. Graham
**JEFFER, MANGELS, BUTLER & MARMARO LLP**
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-4308
Tel.: (310) 203-8080
Fax: (310) 203-0567
*Attorneys for Plaintiff Anthony, Inc.*

13

/s/ Christopher W. Cardwell, by CWG w/ express permission
Christopher W. Cardwell
Mary Taylor Gallagher
GULLETT, SANFORD, ROBINSON & MARTIN, P.L.L.C.
315 Deadrick Street, Suite 1100
Nashville, Tennessee 37238
Tel.: (615) 244-4994
Fax: (615) 256-6339

*Attorneys for Defendant Jerry Wheeler*

14

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ANTHONY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:05-MC-31 |
| | ) | Jordan/Shirley |
| v. | ) | |
| | ) | |
| JERRY WHEELER, et al., | ) | Underlying Action No. 3:05-0341 |
| | ) | (M.D. Tenn.) |
| Defendants. | ) | |

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

The undersigned does hereby acknowledge that s/he has been provided with a copy of the Stipulated Protective Order entered in this proceeding, that s/he agrees to be bound by the terms thereof, and further agrees to submit to the jurisdiction of the Court that entered the Stipulated Protective Order to resolve any dispute which may arise concerning the interpretation, application, or enforcement of the Stipulated Protective Order.

Date: _____   Name: _____

Affiliation: _____

Business Address: _____

_____

_____